Slip Op. 10-59

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| ADVANCED TECHNOLOGY & MATERIALS CO., LTD., BEIJING GANG YAN DIAMOND PRODUCTS COMPANY, and GANG YAN DIAMOND PRODUCTS, INC., | : : : : : |
| Plaintiffs, | : : : |
| v. | : Before: R. Kenton Musgrave, Senior Judge : Court No. 10-00012 |
| UNITED STATES, | : : |
| Defendant, | : : |
| and | : : |
| DIAMOND SAWBLADES MANUFACTURERS COALITION, | : : : |
| Defendant-Intervenor. | : : |

**OPINION AND ORDER**

[Plaintiffs' Motion to Supplement the Administrative Record is denied.]

Dated May 18, 2010

*Barnes, Richardson & Colburn* (*Jeffery S. Neeley*) for Plaintiffs.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Claudia Burke*); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (*Hardeep K. Josan*), Of Counsel, for Defendant United States.

*Wiley Rein, LLP* (*Daniel B. Pickard*) for Defendant-Intervenor.

Musgrave, Senior Judge: Plaintiffs Advanced Technology & Materials Co. Ltd., Beijing Gang Yan Diamond Products Company, and Gang Yan Diamond Products, Inc. ("Plaintiffs"), move to supplement the administrative record compiled by Defendant International Trade Administration, United States Department of Commerce ("Commerce" or "the Department") in regard to Plaintiffs' challenge of the Department's December 27, 2009 decision not to conduct a changed-circumstances review. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(i) (2006). For the reasons set forth below, Plaintiffs' Motion to Supplement the Administrative Record will be denied.

*Background*

On May 22, 2006, the Department issued a determination that imports of diamond sawblades from the People's Republic of China are being sold, or likely to be sold, at less-than-fair-value ("LTFV"). *See Final Determination of Sales at Less Than Fair Value and Final Partial Affirmative Determination of Critical Circumstances: Diamond Sawblades and Parts Thereof from the People's Republic of China*, 17 Fed. Reg. 29303 (May 22, 2006) ("*Final Determination*"). Although delayed by several legal challenges, the Department ultimately issued antidumping duty orders in accordance with the *Final Determination* on November 4, 2009. *See Diamond Sawblades and Parts Thereof from the People's Republic of China and the Republic of Korea: Antidumping Duty Orders*, 74 Fed. Reg. 57145 (Nov. 4, 2009).

Plaintiffs took action to dispute the *Final Determination* in three ways: (1) by intervening in the petitioner's challenge to that determination (Court No. 06-00246); (2) by filing their own challenge to the *Final Determination* pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) (Court No. 09-00511); and (3) by officially requesting that the Department conduct a review of the *Final*

*Determination* based on changed circumstances pursuant to 19 U.S.C. § 1675(b). In their request for review, Plaintiffs asserted that the Department should recalculate the *Final Determination* dumping margins to reflect the Department's official policy change, announced on December 27, 2006, that it would discontinue the practice of "zeroing" in dumping-margin calculations. *See Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margin During an Antidumping Investigation; Final Modification*, 71 Fed. Reg. 77722 (Dec. 27, 2006.) In a letter dated December 14, 2009, the Department informed Plaintiffs that it would not conduct a changed-circumstances review, stating that the policy change did not apply to *Final Determination* because the diamond sawblades investigation "was not pending before the Department" on the effective date of the policy change. *Changed Circumstances Determination* at 2 (internal quotes omitted).

Consequently, Plaintiffs filed the instant action in this Court seeking judicial review of the Department's decision not to conduct a review. As per the Court's Rules, the Department filed with the Clerk of the Court the administrative record for this action on March 8, 2010. The record submitted was comprised largely of three documents: (1) Plaintiffs' November 17, 2009 Changed Circumstances Request; (2) the *Changed Circumstances Determination* (a two-page letter), and (3) a letter from the Department rejecting Plaintiffs' prior (April 27, 2009) request for a changed-circumstances review of the *Final Determination*.

Plaintiffs object to the meagerness of the Department's submission and now move to supplement the administrative record by admitting all materials contained in the administrative record of Court No. 06-00246, as well as all information pertaining to the April 27, 2009 request for a changed circumstances review (which Commerce denied as premature). Pls.' Mot. at 4. Plaintiffs argue, *inter alia*, that these materials should be part of the record because, pursuant to USCIT Rule

73.2(a)(1), "the 'administrative proceeding' at issue includes the changed circumstances requests that resulted from [the] order issued in the original investigation, as well as the earlier changed circumstances request of Plaintiff[s'] putting Commerce on notice of the zeroing issue prior to the issuance of the order." Pls.' Mot. at 2. Plaintiffs assert that their November 17, 2009 request for review "did not occur in a vacuum, but [is] part and parcel of the underlying investigation and the prior changed circumstances request," and that Commerce cannot "arbitrarily create a narrow record that ignores the underlying factual record that is the entire basis of the changed circumstances request." *Id*.

The Department opposes the motion and asserts that the administrative record as submitted contains all of the documents required by USCIT Rule 73.3,[1] and notes further that

---

[1] Pursuant to statute and the Court's Rules, the administrative record must contain certain documents. 28 U.S.C. § 2635 (2006) provides that "in actions in which judicial review is to proceed upon the basis of the record made before the agency," the agency must file with the Court:

> (A) A copy of the contested determination and the findings or report
> on which such determination was based.
> (B) A copy of any reported hearings or conferences conducted by the
> agency.
> (C) Any documents, comments, or other papers filed by the public,
> interested parties, or governments with respect to the agency's action.
> The agency must identify and file under seal any document, comment,
> or other information obtained on a confidential basis, including a non-
> confidential description of the nature of such confidential document,
> comment or information.
> (4) A certified list of all items specified in paragraphs (1), (2) and (3)
> of this subdivision (a).

28 U.S.C. § 2635 (2006). Similarly, USCIT Rule 73.3 provides that " in All Other Actions Based Upon the Agency Record" the agency must file with the Court:
> (a)(1) A copy of the contested determination and the findings or report upon which such
> determination was based.

(continued...)

Plaintiffs' previous request for a changed circumstances review is already contained in the record. Def.'s Opp'n. at 3. The Department contends further that its designation of the administrative record is "entitled to the presumption of administrative regularity," and that the court must presume the current record is complete because, in the Department's view, Plaintiffs have failed to present "*clear evidence* to the contrary." *Id*.

### *Discussion*

Should it reach the merits of this case, the court's review is governed by the standards set forth in 5 U.S.C. § 706, which provides that the agency's decision must be upheld unless determined to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law," and specifies that "[i]n making the foregoing determination," the court is limited to review of "the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706.

Under section 706, "the whole record" means "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Lower courts have further defined "the whole record" as including "everything that was before the agency pertaining to the merits of its decision," *Portland Audubon Soc. v. Endangered*

---

[1](...continued)
(2) A copy of any reported hearings or conferences conducted by the agency.
(3) Any documents, comments, or other papers filed by the public, interested parties, or governments with respect to the agency's action. The agency shall identify and file under seal any document, comment, or other information obtained on a confidential basis, including a non-confidential description of the nature of such confidential document, comment or information.
(4) A certified list of all items specified in paragraphs (1), (2) and (3) of this subdivision (a).

USCIT R. 73.3.

*Species Committee*, 984 F.2d 1534,1548 (9th Cir. 1993), and "all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

Plaintiffs' first dispute lies not with what constitutes the "whole record," but with the proper definition of "the administrative proceeding" as that term is used in USCIT Rule 73.2.[2] Plaintiffs contend that "the administrative proceeding" encompasses far more than the single decision under challenge, and, at the very least, must also include the original LTFV investigation, the *Final Determination*, as well as Plaintiffs' first changed-circumstances request. Plaintiffs explain that the changed-circumstances decision currently before the court cannot be viewed in isolation but is "part and parcel of the underlying investigation and the prior changed circumstances request." Pls.' Mot at 2. This being so, Plaintiffs argue, the record from the underlying investigation and the resulting determination (found in the record for Court No. 06-00246) as well as all records pertaining to the prior changed-circumstances request should be included in the administrative record here.

The court finds this argument problematic for several reasons. First, this action is not governed by Rule 73.2, but Rule 73.3, which contains no reference to "the administrative proceeding," but instead refers only to "the agency's action." Further, even if Rule 73.3 contained terminology more amenable to the expansive interpretation Plaintiffs advocate, arguments of this nature have been soundly rejected by this Court. In *Beker Industries Corp., v. United States*, the Court determined that "the administrative proceeding" refers only to "the immediate administrative

---

[2] Rule 73.2, which applies to "Documents in An Action Described in 28 U.S.C. § 1581(c) or (f)," does not govern this action. This action falls under 28 U.S.C. § 1581(i), which is governed by Rule 73.3 "Documents in All Other Actions Based Upon the Agency Record." *Cf.* USCIT R. 73.2 *with* R. 73.3.

review in dispute" and nothing more. *Beker*, 7 CIT 313, 315 (1984). More specifically the court noted:

> The scope of the record for purposes of judicial review is based upon information which was "before the relevant decision-maker" and was presented and considered "at the time the decision was rendered." It is obvious in this case that the relevant decision-maker was the ITA (and not the Treasury Department). It is equally clear that plaintiff is not challenging the original anti-dumping finding, but rather the final decisions made relating to the administrative review at issue . . . .

*Id.* Although *Beker* involved a different Rule and a different statute, the analysis in that case was based on fundamental principles of administrative law and applies with equal force here. In this matter, as in *Beker*, it is clear that the relevant decision-maker was the Department and that Plaintiffs are not challenging the *Final Determination* but rather the Department's decision not to conduct a changed circumstances review. *See Complaint* at 1.[3] Hence, the administrative record in ths matter includes only those documents that were "directly or indirectly considered" by the Department's decision-makers at the time *that decision* was rendered. Accordingly, Plaintiffs' expansive interpretation of "the agency action" or "the administrative proceeding" must be rejected as contrary to the Court's caselaw and unsupported by the language of Rule 73.3. *See generally Fund for Animals v. Williams*, 245 F.Supp.2d 49, 57 (D.D.C. 2003) (finding that interpretation of the term "'before' so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless.").

---

[3] The core function of the complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *See DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1320 (Fed. Cir. 2006) (noting that an "essential purpose of the [complaint], as the initial pleading, is to put the Government on notice of what protest decisions are being contested in the Court of International Trade.").

Plaintiffs next assert that supplementation of the record is necessary: (1) because Plaintiffs' arguments cannot be fully reviewed by this Court on the current record, supplementation is required to prevent frustration of judicial review; (2) in order to obtain background information necessary for the court to make an informed decision; and (3) "to explain the existing record and judge the adequacy of the procedures and facts considered." Pls.' Mot. at 3-4.

It is "black letter law" that review in federal court must be confined to the agency's record; consideration of information outside of the record is deemed appropriate only in "the rare case." *See* Charles H. Koch, Jr., 3 Administrative Law and Practice § 8.27 (2d ed. 2010); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (holding that "[i]f a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision"). However, most courts have recognized several "rare case" exceptions to the record rule, and will allow for consideration of extra-record evidence in certain compelling, narrowly defined circumstances. These exceptions include situations (1) where the movant has presented "a strong showing of bad faith or improper behavior by agency decision makers," *Overton Park*, 401 U.S. at 420; (2) where the court, at its discretion, wishes to obtain background information as an aid to understanding highly technical matters, *see Animal Defense Council v. Hodel,* 840 F.2d 1432, 1436 (9th Cir. 1988); or to judge the adequacy of the procedures and facts considered, *see Former Employees of Pittsburgh Logistics Sys., Inc. v. United States Sec'y of Labor*, 27 CIT 339, 343 (2003); and (3) when there is "such failure to explain administrative action as to frustrate effective judicial review . . . ." *Camp v. Pitts,* 411 U.S. 138, 142-43 (1973).

The courts will also supplement the record upon a showing that the administrative record is not complete. As noted by the government, the Department's designation of the record is

entitled to a presumption of administrative regularity, and the court must presume that all of the materials considered in the decision-making process have been included. However, if that presumption is rebutted—by a party's presentation of "clear evidence" that the materials were considered by the decision-makers— the materials may be admitted to complete the record. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); *Ammex, Inc. v. United States,* 23 CIT 549, 556, 62 F. Supp.2d 1148, 1153 (1999). Although record supplementation on these grounds is often viewed as one of the "exceptions" to the record rule described above, it is described more accurately as "completing" the record because the material sought to be included is only that which (allegedly) should have been a part of the record to begin with. *See Pacific Shores Subdiv. Cal. Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp.2d 1, 4 (D.C. Dist. 2006).

Plaintiffs in this matter do not allege that the Department considered the materials they seek to admit, but instead focus on admission of the documents pursuant to the limited exceptions for consideration of extra-record evidence. However, these arguments fail. Plaintiffs' contentions as to the need for "background information" or for information needed to "judge the adequacy of the procedures and facts considered" are essentially bare allegations with no reference as to how the Department's decision is lacking, what "procedures" could be inadequate, or which particular documents are needed for elucidation. Moreover, judicial review is not "frustrated" by the court's inability to fully review Plaintiffs' arguments: the Department's *Changed Circumstances Determination* is before the court for review, not the Plaintiffs' arguments. It is that determination, not Plaintiffs' arguments, that the court must set aside if found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."

Finally, the court notes that the record, although sparse, does not appear incomplete on its face. The text of the decision itself indicates that Commerce rejected Plaintiffs request for review on the single, *purely legal*, premise that the original investigation was not "pending" before the Department on the effective date of the policy change. Arguments that attack the *Changed Circumstances Determination* for reasons other than the narrow grounds upon which the decision rests do not seem likely to assist the court in its merits review of this matter. The court has considered all other arguments presented by Plaintiffs and considers them to be without merit.

## *Conclusion*

In consideration of the foregoing, the court is unable to conclude that the materials proffered by Plaintiffs were "before the agency decision-maker" at the time the agency rendered the decision under review, or that the record may be otherwise supplemented pursuant to any of the relevant exceptions that allow for the consideration of extra-record evidence. Motion denied.

**SO ORDERED**.

                                                            /s/   R. Kenton Musgrave
                                                      R. KENTON MUSGRAVE, Senior Judge

Dated: May 18, 2010
New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                         Deputy Clerk